**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLENN DAMOND** | **CIVIL ACTION** |
| **v.** | **NO: 25-1570** |
| **EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.** | **SECTION: C (2)** |

**ORDER AND REASONS**

Defendants Equifax Information Services LLC and TransUnion LLC's Joint Motion to Dismiss Plaintiff's Amended Complaint (R. Doc. 50), filed on February 3, 2026, is before the court.[1] The motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, Glenn Damond, proceeding *pro se* and *in forma pauperis*, originally filed suit on July 30, 2025, asserting violations of the Fair Credit Reporting Act (FCRA) and Lanham Act as well as state law claims, seeking billions of dollars in damages and injunctive relief.[2] Magistrate Judge Currault recommended Damond's FCRA claims be dismissed, without prejudice, with leave to amend; and his Lanham Act claims be dismissed, with prejudice.[3] District Judge Long adopted Magistrate Judge Currault's recommendation and gave Damond twenty-one days to file an

[1] The third defendant named in the First Amended Complaint, Experian Information Solutions, Inc., joined in and adopted by reference all factual and legal arguments contained in the motion, memorandum in support, and all exhibits thereto (R. Doc. 55).
[2] R. Doc. 1.
[3] R. Doc. 44.

amended complaint.[4] Damond timely filed his First Amended Complaint asserting claims under the FCRA against Experian Information Solutions, Inc., TransUnion LLC, and Equifax Information Services LLC.[5]

In his amended complaint, Damond asserts that from 2014 to 2024 he was a victim of "continuous, repeated, and severe inaccurate credit reporting" by the credit reporting agencies.[6] He asserts he disputed the inaccuracies every year during this nine-year period, but the agencies "repeatedly returned the same false information as 'verified'".[7] He states the agencies' failure to correct the inaccuracies caused him to suffer tremendous financial losses.[8]

Damond provides examples of the alleged inaccurate agency reporting, including wrong names, addresses, social security numbers, and employment history.[9] He lists instances of the agencies reporting different numbers for his open accounts, closed accounts, derogatory accounts, account balances, and dates of last activity.[10] And he notes he asked for FCRA verification for several of his accounts.[11]

Damond asserts the following FCRA claims: (1) willful violations under § 1681n; (2) negligent violations under § 1681o; (3) failure to follow reasonable

[4] R. Doc. 48.
[5] R. Doc. 49.
[6] R. Doc. 49 at 2.
[7] *Id.* at 3.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 3–4.
[11] *Id.* at 4.

procedures to assure maximum possible accuracy of information reported under § 1681e(b); (4) failure to conduct a reasonable reinvestigation of Plaintiff's alleged disputes under § 1681i(a); (5) failure to provide proper file disclosure under § 1681g; (6) reporting obsolete and re-aged information under § 1681c; (7) failure to verify accounts before reporting them under §§ 609(a)(1)(A) and 1681i(a); (8) damages; and (9) punitive damages under § 1681n(a)(2).[12]

## II. ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to make factual allegations entitling him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the application of judicial experience and common sense. *Id.* at 679.

---

[12] *Id.* at 12–23.

While detailed factual allegations are not required, a complaint must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citation omitted). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

While a pro se litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law." *Wells v. Gautreaux*, 771 F. Supp. 3d 842, 847 (M.D. La. 2025) (citation and internal quotation marks omitted). Courts are "not required to search for or try to create causes of actions or find material issues of fact for pro se plaintiffs." *Id.* (citation omitted).

Because this plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) grants the court the ability to "dismiss the case at any time if the court determines that the action is frivolous."

**A. The FCRA**

The FCRA "regulates the consumer reporting agencies that compile and disseminate personal information about consumers," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021). The law aims "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 52 (2007). "Consumer reporting agencies … have an obligation under the [FCRA] to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *Johnson v. Experian Information Solutions, Inc.*, No. 26-cv-666, 2026 WL 2349507, at *3 (E.D. La. Aug. 13, 2026) (citing 15 U.S.C. § 1681e(b)) (other citation omitted). The agencies also must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* (citing 15 U.S.C. § 1681i(a)(1)(A)). "A consumer can bring a civil action against a credit reporting agency for negligent or willful violations of its statutory obligations [under the FCRA]." *Reyes v. Equifax Information Services, L.L.C.*, 140 F.4th 279, 285 (5th Cir. 2025) (citing 15 U.S.C. §§ 1681n–1681o).

Here, Damond alleges reporting agency violations of Sections 1681i and 1681e(b) of the FCRA.

**B. Damond's Amended Complaint is Insufficient**

Any claims for inability to obtain business loans and investment are legally barred. *See Bacharach v. Suntrust Mortgage, Inc.*, 827 F.3d 432, 434–35 (5th Cir. 2016) ("Numerous courts have concluded that the FCRA does not cover reports used or expected to be used only in connection with commercial business transactions.") (citations omitted); *see also Ippolito v. WNS, Inc.*, 864 F.2d 440, 452 (7th Cir. 1988) ("In enacting the FCRA, Congress sought to regulate the dissemination of information used for consumer purposes, not business purposes."); *Matthews v. Worthen Bank & Trust Co.*, 741 F.2d 217, 219 (8th Cir. 1984) (noting that the "[FCRA] was intended to apply only to reports which relate to the consumer's eligibility for personal credit or other commercial benefits as a consumer, and not to the consumer's business transactions") (citation omitted). Damond primarily complains of lost business opportunities. Such claims are not within the scope of the FCRA and, thus, not actionable. *See Bacharach*, 827 F.3d at 435.[13]

Damond refers to reporting agency actions that deprived him of "credit", "personal loans", "car loans", and "housing".[14] To the extent these allegations reflect

[13] Because Damond's grievances concern solely business affairs and are thus not actionable, the court need not analyze whether his allegations satisfy the elements of his various FCRA claims.
[14] *Id.* at 3–5, 9–11.

consumer claims, they are conclusory. They do not detail how any agency violation (summarily pled as "conflicting names, conflicting Social Security numbers, conflicting addresses, false employers, inaccurate, account balances, inconsistent account histories, mixed-file data, re-aged derogatory accounts, and unverified tradelines") prevented him from obtaining consumer financing. Without those factual details, the allegations are insufficient to defeat a motion to dismiss.

Damond contends he competed for business contracts with professional athletes, high-profile movie theater chains such as AMC Theaters, and sound recording studios. He states he produced hundreds of original movie scripts, television series, soundtrack songs, and books, all while serving a fifteen-year prison term. He claims he started multiple entertainment businesses, and certifies that solely because of reporting agency actions, these opportunities failed, and he lost *billions* in revenue. He states his lost profits rivaled those earned by entire film franchises such as DC Studios and Marvel Studios.

These fantastical allegations are far beyond mere improbability. They are facially implausible. *See Bruce v. BP P.L.C.*, No. 18-cv-2626, 2024 WL 1156616, at *6 (E.D. La. March 18, 2024). ("In this case Plaintiff's fantastical allegations are far beyond mere improbability. While there are no little green men or time machines in Plaintiff's complaint, it is fantastic enough to be 'halted at the starting gate by the district court.'") (citation omitted). Consequently, Damond's complaint is

dismissed. The court will permit Damond a last chance to amend his complaint to allege a plausible consumer claim under the FCRA.

## III. CONCLUSION

**IT IS ORDERED** that Defendants Equifax Information Services LLC and TransUnion LLC's Joint Motion to Dismiss Plaintiff's Amended Complaint (R. Doc. 50) is **GRANTED**. Plaintiff's claims are **DISMISSED**, **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff is granted LEAVE TO AMEND his complaint within *twenty-one days* of the date of this order. If no amendment is filed, the captioned matter will be dismissed in its entirety.

New Orleans, Louisiana, this 23rd day of September 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE